IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ETHAN KESTNER,

          Plaintiff,

vs.                                      CIVIL ACTION NO. 1:20-cv-00323
                                      HONORABLE _____

JAMES R. CRANDALL,
GREENWOOD MOTOR LINES, INC.
d/b/a R+L CARRIERS,
R & L TRANSFER, INC.,
R & L CARRIERS, INC.,
R+L TRUCKLOAD SERVICES, L.L.C. and
R&L CARRIERS SHARED SERVICES, L.L.C.

          Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Ethan Kestner, by and through counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for his Complaint:

1. Plaintiff Ethan Kestner ("Plaintiff Kestner") is a resident of Mercer County, West Virginia.

2. Defendant James R. Crandall ("Crandall") is a resident of the State of Ohio.

3. Defendant Greenwood Motor Lines, Inc. is, upon information and belief, a South Carolina Corporation that does business as "R+L Carriers" and has a principal office address of 600 Gillam Road, Wilmington, Ohio 45177.

4. Defendant R & L Transfer, Inc. is, upon information and belief, an Ohio Corporation.

5. Defendant R & L Carriers, Inc. is, upon information and belief, an Ohio Corporation.

6. Defendant R+L Truckload Services, L.L.C. is, upon information and belief, an Ohio Limited Liability Company.

7. Defendant R&L Carriers Shared Services, L.L.C. is, upon information and belief, an Ohio Limited Liability Company.

8. Defendant Greenwood Motor Lines, Inc. is an interstate motor carrier registered with the U.S. Department of Transportation under U.S. D.O.T. No. 63391.

9. Defendant R & L Transfer, Inc. is an interstate motor carrier registered with the U.S. Department of Transportation under U.S. D.O.T. No. 172598.

10. Defendant R+L Truckload Services, L.L.C. is an interstate motor carrier registered with the U.S. Department of Transportation under U.S. D.O.T. No. 2973444.

11. Defendants Greenwood Motor Lines, Inc., R & L Transfer, Inc., R & L Carriers, Inc., R+L Truckload Services, L.L.C. and R&L Carriers Shared Services, L.L.C. shall hereafter collectively be referred to as the "R&L Defendants."

12. Pursuant to 28 *U.S.C.* § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

13. Pursuant to 28 *U.S.C.* § 1391, the United States District Court for the Southern District of West Virginia, Bluefield Division, is an appropriate venue for this action as the crash that forms the basis for this civil action and the cause of action arose in Mercer County, West Virginia.

14. The Defendants are subject to the jurisdiction and venue of this Court.

## General Facts

15. On the afternoon of August 16, 2018, Crandall was operating a 2003 Freightliner truck-tractor pulling double trailers, the first being a 2017 Wabash semi-trailer and the second a 2016 Great Dane full trailer, traveling southbound on U.S. Interstate 77 ("I-77").

16. The 2003 Freightliner truck-tractor, the 2017 Wabash semi-trailer, and the 2016 Great Dane full trailer were all owned by Defendant R & L Transfer, Inc.

17. On August 16, 2018, Crandall held a Commercial Drivers License ("CDL") issued by the State of Ohio.

18. Upon information and belief, when Crandall arrived for work on August 16, 2018, the Freightliner truck-tractor, Wabash semi-trailer and Great Dane full trailer were already coupled together.

19. Prior to operating the truck-tractor and trailers, Crandall allegedly did not perform a pre-trip inspection of them as required.

20. The brakes on the Great Dane trailer were inoperable.

21. Upon information and belief, Crandall or other employees of the R&L Defendants rendered the brakes on the Great Dane trailer inoperable.

22. Crandall and/or other employees of the R&L Defendants knew the brakes on the Great Dane trailer were inoperable.

23. Crandall nevertheless chose to drive the commercial motor vehicle with inoperable brakes.

24. As Crandall approached mile marker 23 on I-77, he was traveling in the right lane and had just passed a sign warning motorists of an imminent drop in the grade of the roadway of five (5%) percent over the next 2 ¼ miles.

25. After passing mile marker 23, Crandall drove the tractor and double trailers into the left lane to pass a box truck while following closely behind a passenger car.

26. In doing so, Crandall drove aggressively and much too fast for existing road and traffic conditions.

27. Crandall's driving actions, coupled with his knowing use and operation of a commercial motor vehicle with defective and inoperable brakes exhibited a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

28. Just prior to reaching mile marker 22.5, Crandall aggressively and suddenly attempted to brake and steer to the right.

29. Crandall's aggressive driving coupled with the inoperable brakes on the Great Dane trailer caused that trailer to jack knife and overturn.

30. At that time and place, Plaintiff Kestner was on the right shoulder of I-77 in the course of his employment with the West Virginia Parkways Authority along with two co-employees.

31. Plaintiff Kestner and his fellow workers were near a 2014 Ford F-150 and a 2018 Ford F-150 that were parked on the shoulder on the right side of I-77.

32. When Crandall traveled into the vicinity and lost control, the Great Dane trailer careened off of the main traveled portion of the highway onto the shoulder and collided with the stopped 2018 Ford F-150 which was then propelled forward into the 2014 Ford F-150.

33. As a result, Kestner was seriously injured and his two co-employees were killed.

34. Following the crash, Crandall was charged with the offenses of reckless driving and driving a vehicle without required equipment or in an unsafe condition.

35. Crandall entered a guilty plea to the charge of reckless driving.

36. Crandall pleaded guilty to reckless driving because he was guilty of reckless driving.

37. Crandall entered a guilty plea to the charge of driving a vehicle without required equipment or in an unsafe condition.

38. Crandall pleaded guilty to driving a vehicle without required equipment or in an unsafe condition because he was guilty of having driven a vehicle without the required equipment or in an unsafe condition.

39. At the time of the crash, Crandall was employed by the R&L Defendants as a commercial motor vehicle driver.

40. At the time of the crash, Crandall was acting as an agent of the R&L Defendants.

41. At the time of the crash, Crandall was a permissive user of the tractor and trailers involved in the crash.

42. The R&L Defendants and Crandall are responsible for causing the crash.

43. The R&L Defendants and Crandall accept responsibility for causing the crash.

44. The R&L Defendants and Crandall accept responsibility for causing the crash and all damages directly and proximately caused by the crash.

45. The R&L Defendants and Crandall accept responsibility for causing the crash and the injuries occurring to Plaintiff Kestner.

46. Plaintiff Kestner was free from negligence at all times relevant to this Complaint and did not contribute to his own injuries.

### Count I - Negligence and Negligence Per Se of James Crandall

47. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

48. At all relevant times, Crandall owed certain duties to members of the public, including the Plaintiff.

49. Crandall breached the duties owed to the public and the Plaintiff by:

a. Failing to perform a pre-trip inspection of the tractor and trailers;

b. Failing to test and inspect the brakes on the tractor and trailers;

c. Failing to ensure that the brakes on the tractor and trailers were in compliance with applicable laws and regulations;

d. Failing to operate the tractor and trailers in accordance with generally accepted safety principles and practices of the trucking industry;

e. Failing to adhere to safe driving principles expected of professional truck drivers with a CDL;

f. Failing to abide by the basic rules of the road;

g. Failing to operate the tractor and trailers in a safe and prudent manner;

h. Failing to maintain a proper lookout;

i. Failing to maintain a safe traveling distance;

j. Failing to drive defensively;

k. Driving aggressively and too fast for conditions;

l. Failing to keep the tractor and trailers under control;

m. Failing to stay in his designated lane of traffic;

n. Driving the tractor and trailers in reckless disregard for the safety of others; and,

o. Failing to use that degree of care and caution that a reasonable and prudent driver would have exercised under the same or similar circumstances.

50. Crandall's conduct and breach of the above-described duties was negligent and proximately caused Plaintiff Kestner's injuries.

51. Additionally, at the time of the crash, Crandall was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

52. Crandall was also at the time of the crash, subject to the laws of the State of West Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

53. Crandall was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

54. Chapter 49, Part 392.7(a) of the Code of Federal Regulations provides, in pertinent part: "No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order * * * : Service brakes, including trailer brake connections * * *."

55. Chapter 49, Part 393.48(a) of the Code of Federal Regulations provides, in pertinent part: "all brakes with which a motor vehicle is equipped must at all times be capable of operating."

56. Crandall violated 49 C.F.R.§§ 392.7 and 393.48 by failing to conduct a pre-trip inspection and by operating a commercial motor vehicle with inoperable brakes.

57. Pursuant to West Virginia law, specifically *West Virginia Code* §§ 17C-6-1, 17C-7-10, 17C-16-1 and 17C-5-3, Crandall was required to: (i) not drive at a speed greater than that which was reasonable and prudent under the existing conditions and actual and potential hazards; (ii) control his speed as necessary to avoid colliding with any person or vehicle; (iii) not follow another vehicle more closely than what was reasonable and prudent having due regard for the speed of such vehicles and traffic upon and condition of the highway; (iv) not drive on any highway any trailer unless the equipment on the trailer was in good working order and in safe mechanical condition as not to endanger any person on the highway; and, (v) not engage in a wilful and wanton disregard for the safety of other persons or property.

58. Crandall violated the requirements of *West Virginia Code* §§ 17C-6-1, 17C-7-10, 17C-16-1 and 17C-5-3 by: failing to use due care; exceeding a safe speed under the existing conditions and actual and potential hazards; following too closely; failing to maintain control of the tractor and trailers that he was operating; operating a trailer in an unsafe condition without required operable braking equipment; and by willfully, wantonly and recklessly causing the tractor and trailers he was operating to travel out of control thereby causing the crash and serious bodily harm to Plaintiff Kestner.

59. As a direct and proximate result of Crandall's negligent, careless and/or reckless conduct and the crash described above, Plaintiff Kestner suffered severe injuries to his body, for which he has and will continue to experience and/or incur:

    (a)    medical expenses, past and future;

    (b)    pain and suffering, past and future;

    (c)    physical limitations, past and future;

    (d)    diminished capacity to enjoy life, past and future;

    (e)    lost wages, past;

    (f)    loss of earning capacity, future;

    (g)    annoyance and inconvenience, past and future; and,

    (h)    other consequences and damages associated with his injuries as may be specified as this action progresses.

### Count II - The R&L Defendants' Liability for the Negligence of Crandall

60. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

61. At the time of the crash, Crandall was acting within the course and scope of his employment or agency with the R&L Defendants.

62. Under the principles of *respondeat superior*, actual agency and apparent agency, the R&L Defendants are vicariously liable and legally responsible for the negligent acts and omissions of Crandall.

63. By virtue of vicarious liability, the R&L Defendants are liable to Plaintiff for all damages allowed by law and as set forth herein.

### Count III - Independent Negligence of the R&L Defendants

64. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

65. At all times relevant to the crash forming the basis for this action, the R&L Defendants were operating as commercial motor carriers in interstate commerce and were subject to the Federal Motor Carrier Safety Regulations.

66. Chapter 49, Part 393.1(c) of the Code of Federal Regulations provides: "No motor carrier may operate a commercial motor vehicle, or cause or permit such vehicle to be operated, unless it is equipped in accordance with the requirements and specifications of this part."

67. Chapter 49, Part 393.48(a) of the Code of Federal Regulations provides, in pertinent part: "all brakes with which a motor vehicle is equipped must at all times be capable of operating."

68. Chapter 49, Part 390.3(e)(2) of the Code of Federal Regulations provides: "Every driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter."

69. Chapter 49, Part 390.11 of the Code of Federal Regulations provides, in pertinent part: "Whenever * * * in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition."

70. The R&L Defendants violated 49 C.F.R. §§ 393.1, 393.48, 390.3 and 390.11 and were otherwise negligent by causing or permitting commercial motor vehicles under their authority and control to be operated with inoperable brakes.

71. As a direct and proximate result of Crandall and R&L Defendants' negligent, careless and/or reckless conduct and the crash described above, Plaintiff Kestner suffered severe injuries to his body, for which he has and will continue to experience and/or incur:

(a) medical expenses, past and future;

(b) pain and suffering, past and future;

(c) physical limitations, past and future;

(d) diminished capacity to enjoy life, past and future;

(e) lost wages, past;

(f) loss of earning capacity, future;

(g) annoyance and inconvenience, past and future; and,

(h) other consequences and damages associated with his injuries as may be specified as this action progresses.

### Count IV - Punitive Damages

72. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

73. Crandall and the R&L Defendants' acts and omissions were done with a conscious, reckless and outrageous indifference to the health, safety and welfare of others, justifying the imposition of punitive damages.

74. Accordingly, Defendants are liable to Plaintiff Kestner for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff, Ethan Kestner, hereby requests that he be awarded judgment against James R. Crandall, Greenwood Motor Lines, Inc. d/b/a R+L Carriers, R & L Transfer, Inc., R & L Carriers, Inc., R+L Truckload Services, L.L.C. and R&L Carriers Shared Services, L.L.C. for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent warranted by the facts and applicable law;

(c) pre-judgment and post-judgment interest as allowed by law;

(d) attorneys' fees, costs and expenses incurred in connection with this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                            **ETHAN KESTNER,**

                                            **Plaintiff,**

                                            **By Counsel:**

/s/ Brian E. Bigelow
STEPHEN B. FARMER (W.Va. State Bar No. 1165)
ROBERT A. CAMPBELL (W.Va. State Bar No. 6052)
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
FARMER, CLINE & CAMPBELL, PLLC
P.O. Box 5559
101 N. Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990